[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13452
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-04385-ODE


PATRICIA BUCHANAN,

Plaintiff-Appellant,

versus

DELTA AIR LINES, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 9, 2018)

Before TJOFLAT, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia Buchanan appeals the District Court's dismissal of her complaint for failure to state a claim in her action against her former employer, Delta Air Lines, Inc. ("Delta"), alleging age discrimination and retaliation, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), (d).  Buchanan contends that she was not required to plead specific facts to establish a *prima facie* case, and that she pleaded sufficient facts to raise her right to relief above a speculative level.

We address Buchanan's discrimination claim first, followed by her retaliation claim.

## I.

"We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).  A party must allege more than "labels and conclusions," and her complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  A complaint that merely provides "a formulaic recitation of the elements of a cause of action" is inadequate.  *Id.*

2

A complaint asserting employment discrimination under the ADEA need not contain specific facts establishing a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997 (2002). The Supreme Court explained that the burden-shifting analysis in employment discrimination claims is an evidentiary standard rather than a pleading standard. *Id.* at 510, 122 S. Ct. at 997. Although an employment discrimination complaint need not allege facts sufficient to make out a *prima facie* case, it must nonetheless provide enough factual matter to plausibly suggest intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

The ADEA prohibits employers from discriminating against an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). To succeed at trial on an age-discrimination claim under the ADEA, the plaintiff must prove that age was the "but-for" cause of the adverse employment decision giving rise to her complaint. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351 (2009).

3

Here, Buchanan's complaint was sufficient to survive Delta's motion to dismiss her age-discrimination claims. Buchanan alleged that the proffered reason for her termination was pretextual because she had an excellent work record, did not actually violate the travel companion policies for which she was investigated and that the company had no evidence that she violated any policies. She further alleged that Delta's CEO publicly announced on multiple occasions that the company planned a push to hire younger workers such that half of Delta's workforce would be comprised of millennials by 2020. Based on her knowledge of Delta's workforce as an employee of three decades, she alleged that Delta could not hire large numbers of younger workers without eliminating many older workers to make room for them. Buchanan next averred that, based on her own observations and observations by coworkers she knew, Delta had a policy of firing older workers over trivial or non-existent infractions of company rules while refusing to discipline younger workers for the same infractions. She further alleged that she and other of her Delta coworkers observed that millennials comprised the vast majority of newly hired Delta employees.

Thus, Buchanan alleged facts to establish that Delta: (i) fabricated a reason for suspending and terminating her, (ii) fired other older workers for trivial reasons, (iii) prioritized hiring younger workers, and (iv) was in the process of replacing its older workers with younger workers. Taken in isolation, these facts

4

would perhaps be too vague and non-specific to support a claim of age discrimination.  But accepting as true for purposes of Delta's motion to dismiss that Buchanan was fired for a policy violation she did not commit, considered together, these allegations are enough to make out a plausible claim that the stated reasons for her termination were pretextual and that her age was the cause of her termination.

The District Court rested its dismissal of Buchanan's age-discrimination claim on the fact that the allegations she raised failed to establish a *prima facie* case of age discrimination under the framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Under that framework, a plaintiff may establish a *prima facie* case for an ADEA violation by alleging that: (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to do the job; and (4) she was replaced by or otherwise lost a position to a younger individual.  *Kragor v. Takeda Pharmaceuticals America, Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).  This was in error.  The Supreme Court has made clear that a plaintiff does not need to establish a *prima facie* age-discrimination case in order to survive a Rule 12(b)(6) motion to dismiss.  *See Swierkiewicz*, 534 U.S. at 510, 122 S. Ct. at 997 (explaining that the *McDonnell Douglas* burden-shifting standard for making out a *prima facie* case "is an evidentiary standard, not a pleading requirement").

5

Although her complaint would not have established a *prima facie* case under *McDonnell Douglas*, Buchanan alleged facts adequate to raise her right to relief above a speculative level. This was all that was required at the pleading stage. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations omitted)).

Accordingly, we vacate the District Court's dismissal of Buchanan's discrimination claim.

## II.

The ADEA prohibits retaliation against employees who "opposed any practice" made unlawful by the ADEA. 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation, a plaintiff may show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) she established a causal link between the protected activity and the adverse action. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193–94 (11th Cir. 2016).

A plaintiff can establish causation by showing a "very close" temporal proximity between the statutorily protected activity and the adverse action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). However, "in a retaliation case, when

6

an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).

Here, Buchanan asserts that Delta retaliated by terminating her for filing an internal complaint of discrimination after she was placed on suspension for a purported policy violation.  However, the only causal link Buchanan cites between her internal complaint and her subsequent termination is temporal proximity. Because her internal complaint occurred after she was already placed on suspension and under investigation, temporal proximity alone cannot establish causation.

Accordingly, we affirm the District Court's dismissal of Buchanan's retaliation claim.

**VACATED IN PART AND REMANDED; AFFIRMED IN PART.**